UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYES UTRERA, on behalf of himself and others similarly situated, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:13-CV-01458 |
| | § | |
| KRAFTSMEN BAKERS LTD and SCOTT TYCER, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Plaintiff Reyes Utrera moves to strike certain affirmative defenses presented in defendants' answer. (Dkt. 8). Plaintiff's motion is granted in part.

This is a collective action suit for unpaid overtime wages under the Fair Labor Standards Act. (Dkt. 1). After Utrera filed his complaint (Dkt. 1), defendants Kraftsmen Bakers and Scott Tycer filed an answer including, among others, the following affirmative defenses: 1) laches, 2) good faith, and 3) that several putative class members "ratified" being properly paid for all hours worked. (Dkt. 7).

Rule 8(c) of the Federal Rules of Civil Procedures requires defendants to "affirmatively state any avoidance or affirmative defense" when responding to a pleading. FED R. CIV. P. 12(f). At the same time, "[t]he court may strike from a pleading an insufficient defense . . . ." FED R. CIV. P. 12(f). "Although motions to strike a defense are generally disfavored," they are proper "when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

Utrera claims several of Kraftsmen's affirmative defenses contain no factual bases, thus meriting dismissal. (Dkt. 8). In so claiming, Utrera argues that the heightened pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 440 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 550 U.S. 544 (2007), apply to affirmative defenses. (Dkt. 8). However, no circuit has ruled that the "fair notice" standard for affirmative defenses no longer applies, and the court will not do so here. *See, e.g.*, *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, No. 12-40764, 2013 WL 5701065 (5th Cir. Oct. 21, 2013) (continuing to use the "fair notice" standard for assessing the sufficiency of affirmative defenses); *see also Denience Design, LLC v. Braun*, __ F.Supp.2d __, 2013 WL 3166343 at *8-9 (S.D. Tex. June 13, 2013) (positing several reasons for continuing to use the "fair notice" standard for affirmative defenses, including textual differences between FRCP Rules 8(a) and 8(c), defendants' small window in which to answer a complaint, and plaintiffs' ability to obtain more information during discovery).

Under the "fair notice" standard, the "pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff [is] not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "[I]n some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Id*. However, merely naming certain broad affirmative defenses may fall "well short of the minimum particulars needed to identify the affirmative defense in question." *Id*.

Utrera challenges defendants' good faith, laches, and ratification defenses. (Dkt. 8). First, Kraftsmen's good faith defense is stated with enough particularity to give plaintiff notice that Kraftsmen contests 1) the applicable statute of limitations and 2) Utrera's plea for liquidated damages. (Dkt. 7). Thus, the court will not strike

Kraftsmen's good faith defense.

Kraftsmen's laches defense, on the other hand, fails as a matter of law. When "Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946). Here, Congress clearly enacted a two-year general statute of limitations for bringing claims under FLSA and a three-year statute of limitations if the FLSA violation was willful. 29 U.S.C. § 255(a). Therefore, the equitable doctrine of laches is inapplicable to FLSA claims. *See Lemieux v. City of Holyoke*, 740 F. Supp. 2d 246, 257 (D. Mass. 2010); *see also Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797-799 (4th Cir. 2001). Accordingly, the court strikes Kraftsmen's laches defense.

Finally, Kraftsmen pleads its ratification defense, more commonly understood as waiver, with insufficient particularity. Kraftsmen states that "[p]laintiff's claims, and those of the potential opt-ins, are barred because some or all of these individuals . . . have ratified and/or affirmed that they were properly paid for all hours worked." (Dkt. 7). Generally, "FLSA rights cannot be abridged by contract or otherwise waived." *Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. Of Labor, Emp't Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982); *see also Beard v. D.C. Hous. Auth.*, 584 F. Supp. 2d 139, 142 (D.D.C. 2008). Kraftsmen has not provided enough information to overcome the presumption that Utrera and putative class members could not have waived their FLSA rights. (*See* Dkt. 7). Therefore, the court strikes Kraftsmen's ratification/waiver defense, with leave to re-plead.

For these reasons, Utrera's motion to strike certain affirmative defenses (Dkt. 8)

is GRANTED IN PART.  Kraftsmen must re-plead its ratification/waiver defense on or before December 16, 2013.

    Signed in Houston, Texas on November 25, 2013.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge